UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD E. BLAINE,

                            Plaintiff,

  -v-                                             1:16-CV-1336

DELAWARE AND HUDSON RAILWAY CO.
INC. doing business as CANADIAN PACIFIC,

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

IANNIELLO ANDERSON P.C.            SARAH J. BURGER, ESQ.
Attorneys for Plaintiff
358 Broadway, Suite 206
Saratoga Springs, NY 12866

DICKIE, McCAMEY & CHILCOTE, P.C.    SCOTT D. CLEMENTS, ESQ.
Attorneys for Defendant
Two PPG Place
Suite 400
Pittsburgh, PA 15222

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

     Plaintiff Edward E. Blaine ("plaintiff" or "Blaine") commenced this action against

defendant Delaware and Hudson Railway Co. Inc. doing business as Canadian Pacific

("defendant" or "Canadian Pacific").  Plaintiff asserts claims for relief pursuant to the Federal

Railroad Safety Act, 49 U.S.C. § 20109 ("FRSA") and the Federal Employers Liability Act, 45

U.S.C. §§ 51-60 ("FELA").  Plaintiff alleges that during his employment with Canadian Pacific, hazardous working conditions caused him to suffer injuries, and that Canadian Pacific retaliated against him when he pointed out those conditions.  Defendant moved under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss plaintiff's FELA claim.  Plaintiff opposed and defendant replied.  The motion has been fully briefed and was considered on the basis of the submissions and without oral argument.

## II. FACTUAL BACKGROUND

The following facts are taken from the Amended Complaint and are assumed true for purposes of resolving the pending motion to dismiss.  Blaine worked for Canadian Pacific as a locomotive engineer from approximately 2000 to 2016.  Am. Compl. ¶¶ 8, 14.  Throughout 2015, he made numerous complaints to Canadian Pacific regarding hazardous working conditions.  Id. ¶ 20.  He expressed to his supervisor that inaccurate train schedules ("line-ups") and last-minute schedule changes caused him to be chronically fatigued, which posed a safety risk to himself and the public.  Id. ¶¶ 20-23.  Other employees also complained about inaccurate line-ups and fatigue.  Id. ¶ 41.  On April 26, 2015, plaintiff reported unsafe conditions through a "safety card" to Canadian Pacific which stated, "improper line-ups for all trains and deadheads, cannot get proper rest, constant sleep deprivation."  Id. ¶ 25.  On May 5, 2015, Blaine emailed Canadian Pacific expressing his concerns about safety, stating in part, "if I get killed in a train wreck, I want this email as a record of my commitment to safety. . ."  Id. ¶ 26.

On May 24, 2015, Blaine complained to a shift supervisor about an inaccurate train line-up and stated that it was a safety issue.  Id. ¶¶ 30-31.  Based on this conversation,

Canadian Pacific charged plaintiff with "quarrelsome conduct," and conducted an investigation and hearing. Id. ¶¶ 33-34. The hearing resulted in a 15-day suspension. Id. ¶ 39. Upon his return to work, the inaccurate line-ups continued and Blaine remained chronically fatigued. Id. ¶ 42. In November 2015, plaintiff submitted another safety card regarding inaccurate line-ups. Id. On several occasions, Blaine attempted to "mark off," or call out as unfit to work due to his fatigue, but was threatened with discipline if he did not report to work. Id. ¶¶ 24, 43.

On February 1, 2016, while operating a Canadian Pacific train, Blaine "went through a redboard at 100."[1] Id. ¶ 45. He informed Canadian Pacific that "because of recent and past events. . . [he] lost situational awareness," causing him to go through the redboard. Id. As a result of this event, Canadian Pacific terminated plaintiff's employment on March 8, 2016. Id. ¶ 47. According to Blaine, the fatigue caused by his work environment resulted in acute stress disorder, major depressive disorder, and anxiety. Id. ¶ 46.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(A)(2)), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Dismissal is appropriate only where plaintiff has failed to provide some basis for

---

[1] A "redboard" is a signal for a train to stop due to a safety hazard. See, e.g., Jackson v. S. Ry. Co., 317 F.2d 532, 534 (5th Cir. 1963).

the allegations that support the elements of his claims. See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

"When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor." Faiaz v. Colgate Univ., 64 F. Supp. 3d 336, 344 (N.D.N.Y. 2014) (Baxter, M.J.). In making this determination, a court generally confines itself to the "'facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken.'" Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (quoting Concord Assocs., L.P. v. Entm't Props. Tr., 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## IV. DISCUSSION

Canadian Pacific argues that Blaine's FELA claim fails as a matter of law because he only alleges emotional damages and has not alleged that he was placed in immediate risk of physical harm by its negligent conduct. According to defendant, plaintiff's claim therefore fails the "zone of danger" test, which governs FELA claims for emotional damages. Blaine asserts he was placed in the zone of danger when he was forced to operate a locomotive while chronically fatigued.

Section 1 of FELA provides that "every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 51. In enacting FELA, Congress intended to shift some of the "human overhead" of the railroad industry from employees to employers.

Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 542 (1994) (quoting Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 58 (1943)).

FELA allows for claims of negligent infliction of emotional distress if the emotional injury "would be compensable under the terms of the [common-law] zone of danger test." Id. at 549-50, 555.  "[T]he zone of danger test limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct." Id. at 547-48.  The doctrine recognizes that "a near miss may be as frightening as a direct hit." Id. at 547 (quoting Richard N. Pearson, Liability to Bystanders for Negligently Inflicted Emotional Harm – A Comment on the Nature of Arbitrary Rules, 34 U. Fla. L. Rev. 477, 488 (1982)).  The emotional injury must also be caused by concern for the plaintiff's own physical safety. Gottshall, 512 U.S. at 556 ("a worker within the zone of danger of physical impact will be able to recover for emotional injury caused by fear of physical injury to himself"); see also Marzocchi v. Long Island Rail Rd. Co., 2016 WL 3840929 at *4-6 (E.D.N.Y. 2016) (dismissing FELA claim where plaintiff's emotional injury was caused by concern for a third party, not by concern for her own safety).

Narrowly missing a physical impact is the quintessential example of the zone of danger.  See, e.g., Robb v. Pennsylvania R.R. Co., 210 A.2d 709, 709-10 (Del. 1965) (finding plaintiff who escaped her car seconds before it was struck by a train but suffered no direct physical injury was within the immediate zone of physical danger).  By contrast, emotional injury caused by a high-stress work environment, with no immediate risk of physical harm, does not meet the zone of danger test.  Gottshall, 512 U.S. at 539, 558 (finding plaintiff train dispatcher was not in zone of danger where he was forced to work long and erratic hours

with outdated equipment and reduced staff).  See also Capriotti v. Consolidated Rail Corp., 878 F. Supp. 429, 431, 433 (N.D.N.Y. 1995) (Scullin, J.) (finding plaintiff yardmaster was not in zone of danger where he worked long, erratic hours in an extremely stressful environment but did not identify any particular dangerous condition).  The Second Circuit has held that immediacy encompasses factors beyond temporal proximity, and that "the risk of physical harm to the plaintiff must be, at the very least, more than minimal."  Nelson v. Metro-North Commuter R.R., 235 F.3d 101, 113 (2d Cir. 2000) (finding risk of physical harm to plaintiff who was sexually harassed by coworker too minimal to support FELA claim).

Blaine does not allege that he sustained a physical impact due to Canadian Pacific's negligence.  Instead, he argues that defendant's negligence, in the form of erratic work hours, last-minute schedule changes, and indifference to his safety-related complaints, caused him to run the redboard and placed him in immediate risk of physical harm.  Am. Compl. ¶ 44.  Canadian Pacific argues that plaintiff's injuries are exactly the sort of "work stress-related" injuries that the Supreme Court explicitly excluded from FELA liability in Gottshall.  512 U.S. at 558 (holding FELA does not compensate for stress arising in the ordinary course of employment).  Alternatively, defendant argues that the risk of physical harm to the plaintiff was too insignificant to qualify as "imminent" under the zone of danger test.

Blaine has alleged that he endured a high-stress work environment, similar to that alleged in Gottshall and Capriotti.  Am. Compl. ¶¶ 20-21.  However, as a locomotive engineer, he also faced physical danger on the job.  He alleges that he was at risk of physical harm when he operated trains while fatigued.  Id. ¶ 44.  He expressed his fear that he would "get killed in a train wreck," and on one occasion he ran through a redboard.  Id. ¶¶ 26, 45.

While the Amended Complaint does not outline the consequences of running a redboard, it is reasonable to infer that it significantly increases the chance that a train will collide with another train, equipment, or a person, putting the engineer at risk of physical harm. Plaintiff's email comment regarding a potential "train wreck" supports this inference. Id. ¶ 26. Blaine has pleaded facts sufficient to plausibly suggest that he was in imminent risk of physical harm.

Although Blaine does not allege in detail the physical harm he feared, it is plausible that the risk of physical harm was significant. The risk alleged (i.e. a train collision) is certainly more significant than the risk alleged by the plaintiff in Nelson, where a coworker touched her inappropriately, but had not threatened or attempted serious physical injury. Nelson, 235 F.3d at 103-05. While defendant relies on Dziegelewski v. Consolidated Rail Corp., 1995 WL 63155 (S.D.N.Y. 1995), to argue that Blaine's risk of physical impact was insufficient to satisfy the zone of danger test, that case is distinguishable from the facts at hand. In Dziegelewski, the plaintiff trainmaster alleged, inter alia, that he was made to drive to another state to conduct an investigation when he was exhausted, and "nearly fell asleep at the wheel" on his way home. Id. at *2-3. The Court found this incident did not put the plaintiff in the zone of danger, because "[a]t most, there was the potential for physical impact if plaintiff had, in fact, fallen asleep at the wheel, lost control of his car, and been involved in an accident." Id. at *8. By contrast, Blaine alleges his fatigue caused him to drive past an important safety signal, significantly increasing the risk of a collision. See Am. Compl. ¶ 45. It is plausible that this act was a "near miss" in that the possibility of a collision was so high and so imminent as to meet the zone of danger test.

Lastly, it is plausible that Blaine's fear for his physical safety caused his emotional injuries. He has pleaded facts supporting his fear of physical harm. Drawing all reasonable inferences in plaintiff's favor as must be done, it is plausible to conclude that his emotional injuries were caused by concern for his own physical well-being and dismissal at this early stage is inappropriate.

## V. CONCLUSION

Because Blaine has alleged sufficient facts to support his claim that his employer Canadian Pacific negligently caused his injuries in violation of the Federal Employers Liability Act, defendant's partial motion to dismiss the FELA claim will be denied.

Therefore, it is

ORDERED that

Delaware and Hudson Railway Co. Inc. doing business as Canadian Pacific's partial motion to dismiss is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: January 25, 2018
   Utica, New York.